UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

*Anderson et al*

Certain Regional Office Employees of )
Rehabilitation Services Administration, )
Office of Special Education and )
    Rehabilitative Services, )
U.S. Department of Education, ) C.A. No. _____
Applicants )
)
v. )
)
Margaret Spellings, Secretary, )
U.S. Department of Education, )
Respondent )
_____)

**APPLICATION FOR TEMPORARY RESTRAINING ORDER
AND/OR PRELIMINARY INJUNCTION**

Twenty-four current and recently retired employees ("Applicants") of U.S. Department of Education, the Office of Special Education and Rehabilitative Services ("OSERS"), Rehabilitation Services Administration ("RSA" or "the agency"), by and through undersigned counsel, hereby apply, pursuant to Rule 65 of the Federal Rules of Civil Procedure and Local Civil Rule 65.1, for an immediate Preliminary injunction, and in support of this Application file the accompanying <u>Memorandum in Support of Application for Temporary Restraining Order and/or Preliminary Injunction</u>.

This case concerns the agency's proposed closure of all its regional offices and termination of all of the regional office staff. The proposed reorganization and reduction in force adversely impacts the Applicants, who are overwhelmingly over forty years of age and a high percentage of whom are disabled within the meaning of the Rehabilitation

1

Act of 1973, as amended, 29 U.S.C. 700 *et seq.*  In addition to their adverse impact claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C.§ 621, §633a *et seq.*, and the Rehabilitation Act, Applicants further allege that the agency's reorganization is motivated by discriminatory animus against the disabled, and is due in large part to the agency's desire to avoid accommodating them, a further violation of the Rehabilitation Act.  Finally, notwithstanding their claims of discrimination, those Applicants who are members of the competitive federal service (rather than excepted service Schedule A appointees) seek to enforce their right under 5 U.S.C. §3503 to transfer with their functions rather than being separated from federal service under the noticed RIF.  According to agency management officials, no functions previously performed exclusively in the ROs are being discontinued.  Instead, these functions are being "consolidated" in the central office.  Despite the fact that the functions performed by the RO employees are clearly being "transferred" within the meaning of 5 C.F.R. §351.203(h)(1), the agency has failed to identify the employees identified therewith and to offer these employees the right to transfer at agency expense to headquarters.  Instead, all RO personnel who were not coerced into retiring early or resigning have been notified that they will be separated from federal service effective September 30, 2005.

    As discussed in the accompanying <u>Memorandum</u>, Applicants have a strong likelihood of success on the merits of their pending EEO claims under the Rehabilitation Act and Age Discrimination in Employment Act.  Applicants are likely to succeed on the merits of their claims because they are able to present a prima facie case for adverse impact on the bases of both age and disability.  Applicants are able to show that the RIF

will have a significantly adverse and disproportionate impact on them both as (1) older employees and (2) as people with disabilities and/or as people associated therewith. The agency, meanwhile, cannot show that the disparate impact is based on reasonable factors other than age, or that there is a business necessity for the disproportionate impact on the disabled. Applicants can also make a prima facie case that the agency has intentionally targeted them for elimination based upon a desire to avoid the costs of accommodating its disabled employees. To the extent the agency proffers any legitimate non-discriminatory reason for eliminating Applicants' positions, Applicants will show that disability was a motivating and determining factor for the agency's action, and that the agency's reasons are a pretext for discrimination. Finally, relying on information generated and promulgated by the agency, Applicants show a substantial likelihood of prevailing on the merits of their appeal of the agency's failure to transfer them with their functions and its unlawful and premature decision to eliminate their positions and terminate them despite their entitlement to move to headquarters and continue to perform their continuing duties in that competitive area.

  Furthermore, Applicants will be irreparably injured if an injunction preserving the status quo is not granted because of (1) their status as the victims of discrimination; (2) the unacceptable risk to the health of the disabled applicants and/or their dependents if they lose access to health care during the pendency of this action and the danger that the resulting injuries will exceed the statutory cap is no other adequate remedy; (3) the elimination of their positions will prevent them from being reinstated thereto in the event they prevail only on the discrimination claims; and (4) the real and imminent danger of retaliatory and discriminatory non-selections for the few positions offered at

headquarters. By contrast, the agency has no legitimate interest in implementing a discriminatory RIF or denying career civil servants their statutory right to transfer with their functions. Finally, there is a strong public interest in eradicating age and disability discrimination in employment, ensuring the continued effective support of programs which serve disabled persons in the States, and enforcing the Civil Service laws.

The instant facts fall within the "extraordinary circumstances" envisioned by the U.S. Supreme Court in Sampson v. Murray, 415 U.S. 61 (1974) as providing a sound basis for enjoining governmental employment practices, and Applicants respectfully submit that a balancing of the equities overwhelmingly favors the grant of an injunction.

A proposed Order also accompanies this application. An Oral Hearing is requested within 20 days. See LCvR 65(d).

Respectfully submitted,

_/s/ June D.W. Kalijarvi_
June D.W. Kalijarvi (D.C. Bar No. 183863)
George M. Chuzi (DC Bar No. 336503)
KALIJARVI, CHUZI & NEWMAN, PC
1901 L Street, NW
Suite 610
Washington, D.C. 20036
Tel: 202 331-9260
Counsel for Applicants

September 20, 2005