# Exhibit 3

# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
## NORTHEASTERN REGIONAL OFFICE

KEITH R. BEICHNER,  
             Appellant,

DOCKET NUMBER  
PH-0351-05-0572-I-1

    v.

DEPARTMENT OF EDUCATION,  
             Agency.

DATE: August 23, 2005

Keith R. Beichner, Cherry Hill, New Jersey, pro se.

Office of General Counsel, Washington, D.C., for the agency.

## BEFORE
Terrence M. McStravick  
Administrative Judge

## INITIAL DECISION

Keith R. Beichner (the appellant) filed an appeal on August 10, 2005, alleging that he was being separated from his position during a reduction in force (RIF) at his agency, the Department of Education, Philadelphia, Pennsylvania. For the reasons below the appeal is DISMISSED.

## WITHDRAWAL

On August 22, 2005, I received a letter from the appellant withdrawing his appeal. *See* Initial Appeal File, Tab 3. I find that the letter from the appellant constitutes an effective withdrawal of the appeal. Therefore, the appeal is withdrawn and this matter is dismissed from further consideration. *See Jackson*

*v. Department of the Air Force*, 45 M.S.P.R. 483, 484 (1990) (withdrawal of an appeal is an act of finality that removes it from the Board's jurisdiction).

## DECISION

The appeal is DISMISSED.

FOR THE BOARD:

Terrence M. McStravick
Administrative Judge

## NOTICE TO APPELLANT

This initial decision will become final on **September 27, 2005**, unless a petition for review is filed by that date or the Board reopens the case on its own motion. This is an important date because it is usually the last day on which you can file a petition for review with the Board. However, if this initial decision is received by you more than 5 days after the date of issuance, you may file a petition for review within 30 days after the date you actually receive the initial decision. The date on which the initial decision becomes final also controls when you can file a petition for review with the Court of Appeals for the Federal Circuit. The paragraphs that follow tell you how and when to file with the Board or the federal court. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

## BOARD REVIEW

You may request Board review of this initial decision by filing a petition for review. Your petition, with supporting evidence and argument, must be filed with:

The Clerk of the Board
Merit Systems Protection Board
1615 M Street, NW.,
Washington, DC 20419

A petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing. A petition for review submitted by electronic filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's e-Appeal website (https://e-appeal.mspb.gov).

If you file a petition for review, the Board will obtain the record in your case from the administrative judge and you should not submit anything to the Board that is already part of the record. Your petition must be filed with the Clerk of the Board no later than the date this initial decision becomes final, or if this initial decision is received by you more than 5 days after the date of issuance, 30 days after the date you actually receive the initial decision. The date of filing by mail is determined by the postmark date. The date of filing by electronic filing is the date of submission. The date of filing by personal delivery is the date on which the Board receives the document. The date of filing by commercial delivery is the date the document was delivered to the commercial delivery service. Your petition may be rejected and returned to you if you fail to provide a statement of how you served your petition on the other party. *See* 5 C.F.R. § 1201.4(j).

## JUDICIAL REVIEW

If you are dissatisfied with the Board's final decision, you may file a petition with:

The United States Court of Appeals
for the Federal Circuit
717 Madison Place, NW.
Washington, DC 20439

You may not file your petition with the court before this decision becomes final. To be timely, your petition must be <u>received</u> by the court no later than 60 calendar days after the date this initial decision becomes final.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703). You may read this law, as well as review the Board's regulations and other related material, at our website, http://www.mspb.gov. Additional information is available at the court's website, http://fedcir.gov/contents.html. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's <u>Rules of Practice</u>, and Forms <u>5</u>, <u>6</u>, and <u>11</u>.

## NOTICE TO AGENCY/INTERVENOR

The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.

## CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

### Appellant

Electronic Mail          Keith R. Beichner
                         108 Chaucer Place
                         Cherry Hill, NJ 08003

### Agency Representative

U.S. Mail          Assistant General Counsel
                   Department Of Education
                   Divison of Business & Admin. Law
                   400 Maryland Avenue, S.W., Room 4087
                   Washington, DC 20202-2500


_____August 23, 2005_____                    _Yvonne Venney_____
            (Date)                                Yvonne Venney
                                                  Paralegal Specialist

# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
### NORTHEASTERN REGIONAL OFFICE

KEITH R. BEICHNER,

        Appellant,

    v.

DEPARTMENT OF EDUCATION,

        Agency.

DOCKET NUMBER
PH-0351-05-0572-I-1

DATE: August 22, 2005

## NOTICE OF RECEIPT OF WITHDRAWAL
### AND
## NOTICE OF INTENT TO DISMSS APPEAL

The appellant in the above captioned appeal, Keith R. Beichner has requested that his appeal be withdrawn as prematurely filed.

The appellant's request is GRANTED, and the appeal will be dismissed as withdrawn. The agency is directed to make no response to my Acknowledgement Order of August 15, 2005.

The appellant may file another appeal if, and, when a Reduction-in Force action, or, other appealable matter, is effected against him.

FOR THE BOARD:

        *Terrence M. Mc Stravick*

Terrence M. McStravick
Administrative Judge
Phone: (215) 597-9960
Fax:    (215) 597-3456

## CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

<u>Appellant</u>

Electronic Mail

Keith R. Beichner
108 Chaucer Place
Cherry Hill, NJ 08003

<u>Agency Representative</u>

U.S. Mail

Assistant General Counsel
Department Of Education
Division of Business & Admin. Law
400 Maryland Avenue, S.W., Room 4087
Washington, DC 20202-2500

_____August 22, 2005_____
(Date)

Yvonne Venney
Yvonne Venney
Paralegal Specialist

# NOTICE OF RIGHT TO FILE

### EQUAL EMPLOYMENT OPPORTUNITY

This notice is to inform you that you are now entitled to file a formal complaint of discrimination on any allegation that was not resolved in the informal stage. The formal complaint must be filed within 15 calendar days of receipt of this Notice and may be filed in person or by mail. The formal complaint must be in writing and signed. Formal complaints should be filed with--

> Director, Equal Employment Opportunity Group
> United States Department of Education
> 400 Maryland Ave, S.W.
> Room 2W228
> Washington, D.C. 20202-4550

Any formal complaint is filed against the Department. In this regard, Margaret Spellings, Secretary, United States Department of Education, must be named as defendant.

Attachment 1 to this notice is the Allegation of Discrimination form for each allegation addressed during the pre-complaint stage. A copy of the Allegation of Discrimination form for each allegation you wish to file in the formal process must be attached to your formal complaint form. Please note that only unresolved allegations may be included in the formal complaint.

Attachment 2 is the EEO Formal Complaint of Discrimination form used for filing a formal complaint. Please review the instructions carefully. If you retain an attorney or any other person to represent you, you or your representative must immediately complete and return Attachment 3, Designation of Representative form.

During the pre-complaint stage, a total of four (4) allegation were presented. Signature to these forms indicates that the Allegation of Discrimination form attached represents all allegations you raised during the pre-complaint stage.

_____      _____
Signature of Employee/Applicant              7-15-05
                                              Date

_____      _____
Signature of IDR Staff                       7/1/05
                                              Date

ATTACHMENT 2

## EEO FORMAL COMPLAINT OF DISCRIMINATION

| |
|---|
| **I. PERSONAL DATA** |
| Name:  Keith Beichner |
| Home Address: 108 Chaucer Place, Cherry Hill, NJ 08003-3506 |
| Telephone: Home: ( 856-795-2242    )    Work:  215-656-6030<br>Fax:   (    ) |
| Employment Location: Office of Special Education and Rehabilitative Services, Rehabilitation Services Administration, Region III, Philadelphia |
| **II. COMPLAINT INFORMATION**<br><br>A. Receipt Date of the ANotice of Right to File: _7-5-2005_<br><br>B. Allegation of Discrimination:<br>Attach a copy of the Allegation of Discrimination form that you received with your Notice of Right to File for each allegation you wish to present.  You may also attach an optional narrative statement for each allegation.  You may not include allegations that were not counseled.<br><br>Number of allegations attached:   4 |
| **III. SIGNATURE AND DATE**<br><br><br>Keith R Beichner                                            7-15-05<br>Signature                                                                Date |

| |
|---|
| For EEOG Staff Use<br><br>Postmark Date: 7/15/05 _me_          Hand Delivery Date: _____<br><br>Agency Number Assigned: _____ |

2005 JUL 18 PM 3: 12
EEO
U.S. DEPT. OF EDUCATION
RECEIVED

ATTACHMENT 2

## EEO FORMAL COMPLAINT OF DISCRIMINATION

| I. PERSONAL DATA |
| --- |
| Name:   Keith Beichner |
| Home Address: 108 Chaucer Place, Cherry Hill, NJ 08003-3506 |
| Telephone: Home: ( 856-795-2242    )      Work: 215-656-6030<br>Fax:    (    ) |
| Employment Location: Office of Special Education and Rehabilitative Services Administration, Region III, Philadelphia |

| II. COMPLAINT INFORMATION |
| --- |
| A. Receipt Date of the ANotice of Right to File:  _7-5-2005_____ |
| B. Allegation of Discrimination:<br>Attach a copy of the Allegation of Discrimination form that you received with your Notice of Right to File for each allegation you wish to present.  You may also attach an optional narrative statement for each allegation.  You may not include allegations that were not counseled.<br><br>Number of allegations attached:    1 |

| III. SIGNATURE AND DATE |
| --- |
| _Keith P Beichner_____                     _7-15-05_<br>Signature                                              Date |

| For EEOG Staff Use |
| --- |
| Postmark Date: _____         Hand Delivery Date: _____<br><br>Agency Number Assigned: _____ |

ATTACHMENT 1

**ALLEGATION OF DISCRIMINATION**

Tracking Number: **05-111-IDR**

Name of Employee/Applicant: **Keith Beichner**

Organization/Office in which alleged discrimination occurred: **Office of Special Education and Rehabilitation Services, Rehabilitation Services Administration, Region III, 100 Penn Square East, Suite ~~505~~, Philadelphia, PA 19107**
512

Complete one form for each allegation:  Allegation # **1** of **4** total allegation.

During pre-complaint counseling, was the incident/action:

_____ X    Unresolved _____ Resolved

| |
|---|
| Specific incident or action, which is believed to be discriminatory.  Provide a short statement to identify the primary incident/action, which occurred within 45 days of contact with the IDR Center.  A narrative may be attached if necessary.<br>**Terms and Conditions of Employment** |
| BASIS: Which of the protected classes was the underlying reason for the incident/action cited above:<br>__X___ Age  (DOB: 6/22/41)    __X___ Race/color (White)    __X__ Disability (Physical)<br><br>_____ National origin _____ Religion    _____ Reprisal    __X___ Sex (Male) |
| Date on which the incident/action occurred: **Last incident May 3, 2005** |
| Date on which you became aware of the incident/action: **June 1, 2005** |
| Name of the person taking the alleged action (optional): **John Hagar, Asst Sec OSERS and Margaret Spellings, Secretary Of Education** |
| Was the incident/action counseled as part of a continuing violation?  __X__ yes _____ no<br>If yes, attach a list of incidents with the date of each incident to this form.  Please use concise statements. *I received one email from Mr. Wortham indicating that all matters were* |
| Remedy:  Briefly identify the remedy(ies) requested. *Allow me to continue in my job in RSA, working from an outstationed site with sign off authority, or provide me the opportunity to be placed in an Education in the Philadelphia area* *unresol* |
| Are compensatory damages being claimed?  __X__ yes _____ no |

_Keith R Beichner_____          _7-15-05_____
Signature of Employee/Applicant                        Date

_[signature]_____          _7/1/05_____
Signature of IDRC Counselor                          Date

# INCIDENT/ACTION COUNSELED – CONTINUED

## Mr. Wortham's reported that from contact with Department of Education Management, he had been told that:

**Union intervention**: Local 252 has requested to negotiate with management on a couple of issues. As of the date of my meeting, management had agreed to negotiate and was waiting to hear back from the Union. Negotiations must be completed by 6/24/05.

**Filling of Vacant positions in new RSA**: Management said that it is allowing all RSA employees to compete for vacant and/or grade-enhancing positions that become available in the new reorganized RSA. They realized that a few HQ employees were placed in positions that gave the appearance that they would receive a promotion and not have to Compete. That mistake has since been corrected. Additional vacancy announcements will be posted by 6/24/05. The goal is to have all vacancy announcements out by mid-July.

**Flex-place/Out-stationing**: Effective October 1, 2005, no RSA employees will be permitted to work outside the Washington/Metropolitan area without the approval of the current regulatory approving authority.

**Merit Systems Protection Board (MSPB) Rights**: RSA employees with have appeal rights to MSPB. If applicable, your appeal rights will be explained in the Reduction In Force (RIF) correspondence that you will receive. Please note that you can also allege discrimination when you file your MSPB appeal. However, MSPB will probably refer the discrimination part to EEOC. EEOC may then consolidate that complaint with this one. Please read the appeal rights carefully and pay particular attention to the timeframes listed.

# NARRATIVE FOR INCIDENTS/ACTIONS

May 3, 2005 – Regional Office was visited by Slagle Allbritton, OSERS/RSA Central Office and Paul O'' Connell, OSERS Central Office, with staff members of the Department of Records, who indicated that they were making a stop at the RO to assess the need for shipping documents to RSA Central Office for their use; May 12, 2005 – I received an e-mail from Leslie Harris containing a chart and details regarding a Department of Education proposed reorganization of the Rehabilitation Services Administration (RSA) that eliminates the RSA Regional Offices and the jobs of the Regional Office employees: May 20, 2005 – an e-mail from Paul O'Connell containing an official Buy-Out Notice for RSA employees: May 27, 2005 – an e-mail from OSERS Assistant Secretary, John Hager, encouraging Regional Office employees to take the Buy-Out / Early Out option or face the consequences of being the subject of a RIF (reduction-in-force) situation, threatening my employment, (this email was written in a coercive and threatening tone explaining that all other avenues for the Regional Office employees were being closed by management prerogative and decision), and I watched a June 1, 2005 video conference conducted by Barbara L. Malebranche with participation from Paul O'Connell briefing on Buy-Outs and Early-Outs, with the understanding that management was making no other alternatives available to Regional Office employees regarding the transfer of their job functions, except to reapply for jobs that might become available in D.C. or wait and wait for RIF action ceasing employment

June 1, 2005 is the date that I became fully aware of the significance of the discrimination being perpetrated against me by the Department of Education and OSERS management specifically.  The accumulation of the incidents that occurred beginning on May 3, 2005 and culminating with the video conference on June 1, 2005 that I have detailed in this intake form brought home to me the pervasive and intentional discrimination that was being directed towards me as an individual by OSERS in order that the Department of Education And OSERS could achieve their stated objective of closing the RSA Regional Office.  After watching and listening to this video conference I was aware of the significance of the discrimination against me.

I contacted the Informal Dispute Resolution Center on June 9, 2005

Department of Education Secretary, Margaret Spelling;  Assistant Secretary for Special Education and Rehabilitative Services, John Hager; Acting Assistant Secretary for Special Education and Rehabilitative Services & Acting Commissioner of Rehabilitation Services & Acting Deputy Commissioner of Rehabilitation Services, Troy Justensen; Acting Commissioner of Rehabilitation Services Administration, Edward Anthony; Acting Deputy Commissioner of Rehabilitation Services Administration, Jennifer Sheehy; Assistant Deputy Secretary, Andrew Pepin; Executive Officer, Office of Special Education and Rehabilitative Services, Paul O'Connell; and, Director of Financial Management and Information System Services, Rehabilitation Services Administration, are carrying out the travesty .

The discriminatory issues are the unnecessary and unplanned reorganization of the Rehabilitation Services Administration (RSA), the closure of the RSA Regional Offices, the transfer of the job functions of the RSA Regional Office employees to the RSA Central Office, the false assertion by OSERS management that RSA CO presently performs all the job functions of the Regional Offices,  the intention of the Department of Education and OSERS to place on the RSA Regional Offices and their staffs the burdens of absorbing the

1

loss of all departmental FTEs not covered by the FY-2006 budget, the management decision not to allow RSA Regional Office employees the right to fill vacancies in other Regional Education POCs, forcing displaced Regional Office employees to apply for positions opening up in RSA Central Office rather than providing them the right to transfer with their job function, managements disregard of the Presidential and Congressional emphasis upon telecommuting by not offering the option for Regional Office employees to work from home if the Regional Offices are closed, providing no studies or data to support the basis for the decision to close the RSA Regional Offices, and in addition, management constantly changing the reasons for closing the Regional Offices, asserting the decision was made only as an effort to cut costs, and when it is shown that costs can be cut in other ways, then saying the basis for the decision is only to consolidate the work force and when it is shown it is not efficient to consolidate the work force, saying the decision was made because the Regional employees cannot get the work done. Yet everyone involved is aware that management used every ploy and tactic available to OSERS to interfere with and prevent the production of work by the Regional Office employees during the past year. The Department shows a total disregard of the wishes of the country's disabled population that overwhelmingly desires to maintain the present RSA Regional structure and to keep the RSA program decentralized. OSERS has disregarded the wishes of the majority of State rehabilitation agencies served by the Regional Offices. OSERS has stated in an email that all Regional Office employees who entered Federal Service as Schedule A employees and later converted to a career status should now willingly reapply for employment under Schedule A for the proposed vacancies to be filled in the RSA Central Office. The employee is to give up his/her career status employment and become again a Schedule A employee. The fact that nearly fifty percent of the RSA Regional Office employees being affected are individuals with disabilities, the fact that most of the Regional Office employees are over age forty and many in their late fifties and early sixties, the fact that the proposed action displaces also females and racial and ethnic minorities are the basis for my discrimination complaint. These actions by the Department. of Education and OSERS fall heavily and adversely upon the RSA Regional Office employees. No other group of the Department's employees is so affected or being discriminated against in such an overt and antagonistic manner by the Department of Education. The employees of the Regional Offices so disproportionately affected by these actions are composed of persons with disabilities, older employees, women, and racial and ethic minorities.


The outcomes of these adverse and discriminatory actions will be to leave me and many disabled and older employees unemployed, in many cases trying to live on small annuities because their productive years have been cut short. Most will have no hope of recovering commensurate employment in the future at their ages and with their disabilities. Many, as management is well aware, are forced to make impossible choices under the threat of the Department's plan to close the Regional Office regardless of the costs in human terms because many of these disabled employees will face a future without health insurance if they do not avail themselves of the buyout offer. The department is using scare tactics and psychological coercion to frighten this vulnerable group of persons. The Department demands acquiescence and taking the buy out or face the dire consequences that the power of the Department can bring against the individual employee. So, regardless of the personal disability facing many employees and the second class livelihood these persons will now earn, they are faced with the choice of taking the buy out or wait for the Department's RIF action to occur. The employees with disabilities who are career employees are being humiliated into applying for RSA CO jobs as schedule A employees if they want to stand a chance of being hired. All the employees having jobs, where the function of their job is being transferred to CO are being humiliated by being told they must competitively seek the new job in CO that represents the job created because the function of their previous job was being transferred. These primarily disabled and older employees are being put under great stress

because for over the past year OSERS dropped into the RSA a Monitoring Specialist to wreak havoc, whereby the Regional Office employees could not understand the ever-changing requirements for report writing to be able to complete the annual reports upon which their jobs rested.  For the first time in RSA history the Regional Offices were unable to complete the required program reviews and reports because of an artificially constructed system to inhibit and interfere with  the issuance of reports.  These employees have been faced with not being able to perform their duties because of OSERS actions purposely established to justify the OSERS management decision to eliminate the Regional Offices.  These older and disabled employees find themselves depressed, nervous, and spending all their time trying to respond to management efforts to destroy their jobs and transfer their job functions, trying to figure out if there is anyway to save their employment and at the same time knowing that OSERS set-up a system whereby they could try to indict the whole Regional Office staff and structure as being unable to perform the work.  The actions which are among the most vicious in my experience against a group of employees are all targeted against sixty-six employees in the RSA Regional Office that are persons with disabilities, older employees, racial/ethnic minorities and females.  In reality, all this adverse action is being taken against the rank and file bargaining unit employee in the RSA Regional Offices because OSERS does not want the present management structure whereby there are five GM – 15 Regional Commissioners over ten Regional Offices with two, three or four GM – 14 Assistant Regional Commissioners in the offices that do not have a GM – 15 Regional Commissioner on the site.  Therefore, the decision of OSERS and Department of Education management was that in order to eliminate the positions of five GM – 15 Regional Commissioners and three or four GM – 14 Asst. Reg. Commissioners that OSERS would sacrifice all the bargaining unit employees located and working in the Regional Offices.  For this reason Department management has arbitrarily determined there will be no Regional Office bargaining unit employees allowed to be out-stationed  and work through telecommuting.  Nor are any RSA Regional Office employees going to be allowed to either bump, or be transferred into vacant positions in other Regional Department of Education POCs.


To remedy the situation, I would suggest that the following be done:  1. Quit trying to destroy and eliminate the jobs of Regional Office bargaining unit.  2.  Quit blocking and embargoing program review reports that have been written by the Regional Office staff. 3. Quit demeaning employees who entered Federal Employment as a Schedule A employees.  4. Desist from destroying the employment and lives of disabled Regional Office employees who have through work and effort become productive Federal Employees For myself specifically, the situation could be remedied if I were allowed to continue in my RSA employment working from an out station via telecommuting and reporting to my assigned supervisor until I finish my thirty years of Federal Service, or be reassigned to a job at another Region III Department of Education. POC with salary protection for two years

July 19, 2005

Keith R. Beichner
108 Chaucer Place
Cherry Hill, New Jersey 08003

James P. Keenan
Labor Relations Team
U.S. Department of Education
Room 2-C-136
400 Maryland Avenue, S.W.
Washington, DC 20202-4754

Dear Mr. Keenan;

This correspondence constitutes a request for an expedited grievance, under Article 42, Section 42.07 of the Collective Bargaining Agreement (CBA), between the Department of Education and the Council 252, American Federation of Government Employees (AFL-CIO).

I have received my RIF notice (copy enclosed) as of July 18,2005.

My grievance involves two areas: Transfer of Functions and Scope of Eligibility for the RIF.

The transfer of functions was being proposed and appears to be permitted to be carried-out by Rehabilitation Services Administration (RSA) and the umbrella agency, Office of Special Education and Rehabilitative Services (OSERS), from RSA Regional Offices to Headquarters of RSA without the transfer of the staff members performing the functions. RSA Regional Offices have historically performed functions that have not been performed by RSA Headquarters (e.g.: State Plan Review and Approval, On-Site Reviews of State VR agencies under Section 107 of the Rehabilitation Act of 1973, as amended, (ACT), On-Site Compliance Reviews of Centers for Independent Living and Projects with Industry, as mandated by the ACT, Conduct of Regional Meetings of State agency staff serving particular disabilities or providing particular functions, Managing the Randolph-Sheppard Vending Facility Program, and Providing Technical Assistance and Leadership to State VR agencies, as well as discretionary grantees throughout the Region, and performing grants management and review of discretionary grant reports to determine whether continuing funding would be authorized..

*received 7/25/05*
*jkeenan*

Page 2 - James P. Keenan, Labor Relations Team

(OSERS) claims that they are consolidating RSA, however they are transferring functions from the Regional Offices to the Headquarters Office, without transferring the staff that performed the functions.

In addition, the OSERS and RSA management has set out to short-change the employees of the RSA Regional Offices by limiting the scope of the RIF to only the Regional Office of OSERS, denying the opportunity to be transferred to another Regional Department of Education Office position in Philadelphia for which the individual was qualified.

I have attached the RIF letter, and several e-mail messages from John Hager, Assistant Secretary for Special Education and Rehabilitative Services, which contain the claims of consolidation of RSA, which is a myth.

I may be reached Monday through Friday, 6:30 A. M. to 3:00 P. M. at 215-656-6030 or by e-mail at Keith.Beichner@ED.GOV.

Sincerely,

Keith R Beichner

Keith R. Beichner
Vocational Rehabilitation Program
Specialist
U. S. Department of Education
OSERS/RSA Region III
101-GS-13-10

Enclosures: (3)

**Berthiaume, David**

| | |
|---|---|
| **From:** | Exeter, Kim |
| **Sent:** | Friday, August 05, 2005 7:54 AM |
| **To:** | Berthiaume, David; Baum, Gail |
| **Cc:** | O'Connell, Paul |
| **Subject:** | FW: Keith Beichner |

```
FYI

-----Original Message-----
From: Beichner, Keith
Sent: Thursday, August 04, 2005 12:06 PM
To: Keenan, James
Cc: 'hwhite@kcnlaw.com'; Exeter, Kim
Subject: RE: Keith Beichner


Dear Mr. Keenan:

Thank you for your efforts to fully explain the situation to me.  I wish to confirm my
earlier request to withdraw the letter that I sent to you regarding a grievance.

Again, thank you for your efforts on my behalf.


Keith R. Beichner, Regional Representative
Rehabilitation Services Administration
U. S. Department of Education
Wanamaker Building - Suite 512
100 Penn Square East
Philadelphia, PA  19107
Telephone: Voice: 215-656-6030
                   TDD: 215-656-6186
                   FAX: 215-656-6188
e-mail: keith.beichner@ed.gov



-----Original Message-----
From: Keenan, James
Sent: Wednesday, August 03, 2005 6:17 PM
To: Beichner, Keith
Cc: 'hwhite@kcnlaw.com'; Exeter, Kim
Subject: FW: Keith Beichner


Mr. Beichner,

When Kim Exeter and I spoke with you by telephone on Monday, we told you that we believed
you had filed a grievance that appeared to be timely.  We sometimes get grievances that
are not filed on the grievance form and we normally accept them, even if we have to go
back to the grievant for missing information.  When you told us that you wished to appeal,
instead, to the Merit Systems Protection Board, we advised you to refer to the appeal
rights section in the reduction-in-force notice you received.  Since you persisted in
making your argument that the grievance was not valid, the conversation continued.  During
the course of the conversation, we advised you that you could withdraw the grievance if
you wished, and could argue before the Board that you had not made an election of forum,
but that it appeared to be a valid election to us.  We also advised you that, to the best
of our knowledge, even if there were not timely grievance, the Board would not take your
reduction-in-force appeal unless it included a discrimination allegation.  At the end of
the conversation, you confirmed that you wished to withdraw the grievance, as you had
stated in his earlier e-mail to us.
```

Apart from the issue of the validity of the grievance, it has come to our attention that you had filed an EEO complaint with the EEO Group prior to filing the grievance.  Based on our initial review of the complaint, we believe that it is on the same matter(s) that you raised in the grievance (the closing of the RSA regional offices, and the reduction-in-force, including transfer of function).  On the basis of 5 U.S.C. 7121 and the Collective Bargaining Agreement (CBA), Article 42, Section 42.03,  we think it is likely that the grievance deciding official would deny the grievance because it appears that you made a binding election of the EEO complaint process when you filed the EEO complaint prior to filing the grievance.  It is our understanding that the EEO Group at the Department is currently reviewing your complaint to determine acceptability, including timeliness of filing.

If, under the circumstances, you still wish to withdraw the grievance, please let us know as soon as possible.  If you no longer wish to withdraw the grievance, we propose to hold it in abeyance while the EEO staff decides whether or not they will be processing the complaint as timely filed.

If you no longer wish to withdraw the grievance or do not wish it to be held in abeyance, and you believe that
5 U.S.C. 7121 and Article 42, Section 42.03 of the CBA do not apply in this case and that the grievance should not be denied on that basis, please provide your reasons for your position by August 5th.  Under the circumstances, we will need an extension of time past the end of this week to issue the grievance decision.  The CBA provides for an extension, as appropriate, when additional information is requested from a grievant (Article 42, Sections 42.04(d) and 42.12).  Once we receive your response to the question above concerning election of forum, we will be able to request a specific extension.  In the meanwhile, we are requesting an extension at least until August 12.  We do not foresee a need for a long extension past that date.

Although you have already told us that you want to withdraw the grievance, we want to give you an opportunity to review the information above and to have an opportunity to confirm or change that decision.  Please let us know as soon as possible whether:  (1) you want your request to withdraw the grievance letter to remain in effect, (2) whether you wish to have the grievance to continue but to be held in abeyance pending a timeliness decision on your EEO complaint, or (3) whether you intends to pursue the grievance.

I am sending this message directly to you because Ms. Heather White has not been authorized by the union to represent you in the grievance procedure.  An employee may represent himself or herself in the negotiated grievance procedure, or may be represented by the union, but may not be represented by anyone else.  I am providing a courtesy copy of the message to Ms. White, and you may of course consult Ms. White or another advisor in preparing your response, but I can not accept a response from anyone but you unless that person is your union representative or I have been informed by the union that it has designated that person as a union special representative.

Thank you very much.


-----Original Message-----
From: Heather White [mailto:hwhite@kcnlaw.com]
Sent: Tuesday, August 02, 2005 6:59 PM
To: Keenan, James
Subject: RE: Keith Beichner


Mr. Keenan:
  To follow up on the question of Mr. Beichner's so-called "grievance," I should mention two things at this point: first, the union has not designated me to be his representative, so I am representing him solely as an individual. (We do not regard this as problematic since, as previously noted, Mr. Beichner has not successfully invoked the contract's grievance process.)

Second, please note that Mr. Beichner filed an EEO complaint in July, for which a notice of receipt has issued from the EEO group.  It would seem then that under your interpretation of events, he is in the same boat as the other grievants we have been discussing.  If the agency wishes to be at all consistent, this alleged "grievance" must

also be placed in abeyance until the EEO group decided whether or not to accept the
previously filed claims.  Of course, this only becomes an issue if the agency believes
that Mr. Beichner actually submitted a grievance despite the fact that he failed to meet
the previously noted contractual requirements for same.

Thanks,
Heather White
202 331-9260


-----Original Message-----
From: Keenan, James [mailto:James.Keenan@ed.gov]
Sent: Monday, August 01, 2005 4:46 PM
To: Heather White
Cc: Beichner, Keith
Subject: RE: Keith Beichner


Ms. White,

Mr. Beichner did not indicate a union representative in his grievance.  If you would ask
him to confirm that you represent him, I would be happy to respond. Please call me on 202-
401-3932 if you would like to discuss.  Thank you.

-----Original Message-----
From: Heather White [mailto:hwhite@kcnlaw.com]
Sent: Monday, August 01, 2005 4:40 PM
To: Keenan, James
Subject: Re: Keith Beichner


Mr. Keenan:

   Entirely distinct from the issues you raised in your earlier email, to
which we will respond under separate cover, I write regarding Mr. Keith
Beichner's procedurally infirm request to file a grievance.   Per CBA
section 42.04(c), Mr. Beichner was required to submit his grievance using
the proper ED form.  ("ED forms will be used to present grievances.
Grievants shall complete all sections of the form.")   He failed to do so
and instead, I believe, submitted an email to your office or to the HR
representative for his region expalining his complaint.  The agency's
acceptance of such a request as a grievance would violate the requirements
of the contract that the proper agency form be used.

   Mr. Beichner failed to present a grievance in accordance with the contract
requirements and therefore cannot be said to have satisfied the basic
requirements for "presenting" or "filing" a grievance.   Because he failed
to present a grievance, he has not waived his right to appeal to the MSPB
his receipt of a RIF notice effective September 30, 2005.   Mr. Beichner
should be permitted to withdraw his request to file a grievance, and to
proceed with whatever non-contract appeal route he elects.

Thanks for your attention to this matter.

Very truly yours,
Heather G. White, Esq.
Kalijarvi, Chuzi & Newman, P.C.
1901 L Street, NW, Suite 610
Washington, DC 20036
Tel: (202) 331-9260
Fax: (202) 872-9562