UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Richard Anderson,<br>Bryan Bashin, et al.,<br><br>Plaintiffs<br><br>v.<br><br>Margaret Spellings, Secretary,<br>U.S. Department of Education,<br>Defendant. | Civil Action No. 1:05cv01855 (RMC)<br><br><br>Date: July 18, 2006 |

**MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Pursuant to FED. R. CIV. P. 15 and the Order approving the parties' Stipulation of Dismissal without prejudice (entered October 12, 2005), Plaintiffs Richard Anderson, Bryan Bashin, et al., through counsel, hereby move for leave to amend their Complaint against the Secretary of Education (in her official capacity) in the above-captioned civil action. As the accompanying memorandum of facts and authorities establishes, good cause exists for the motion to be granted. A proposed order is annexed hereto.

Respectfully submitted,

   /s/ George M. Chuzi
George M. Chuzi, Esq. (D.C. Bar No. 336503)
Heather G. White, Esq. (D.C. Bar No. 497159)
KALIJARVI, CHUZI & NEWMAN, P.C.
1901 L Street, NW
Suite 610
Washington, D.C. 20036
Tel: (202) 331-9260
Fax: (202) 331-9261
Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Richard Anderson, ) | |
| Bryan Bashin, et al., ) | |
| ) | |
| Plaintiffs ) | |
| ) | Civil Action No. 1:05CV01855 (RMC) |
| v. ) | |
| ) | |
| Margaret Spellings, Secretary, ) | |
| U.S. Department of Education, ) | |
| Defendant. ) | |
| ) | Date: July 18, 2006 |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Pursuant to FED. R. CIV. P. 15 and the Order approving the parties' Stipulation of Dismissal without prejudice (entered October 12, 2005), Plaintiffs Richard Anderson, Bryan Bashin, et al., through counsel, hereby move for leave to amend their Complaint of employment discrimination against the Secretary of Education (in her official capacity), defendant, in the above-captioned civil action. A copy of the Amended Complaint is annexed hereto.

**FACTUAL BASIS**

Pursuant to the regulations of the Equal Employment Opportunity Commission (EEOC), Plaintiffs Richard Anderson, Bryan Bashin, Joseph Cordova, Loerance Deaver, Jr., Michael Evans, Joseph Farrell, Marian Fuller, Martha Garber, Diana Koreski, Seymour Levy, Charles Linster, Brian Miller, Jeffrey Mitchell, John Nelson, Kathleen Niemi, Noel Nightingale, Ralph Pacinelli, Bruce Rose, Janette Shell, and Jacquelyn Tellier contacted an EEO counselor timely to complain that U.S. Department of Education, Office of Special Education and Rehabilitative

Services, Rehabilitation Services Administration [hereinafter "OSERS/RSA" or "agency"] violated the Rehabilitation Act of 1973, as amended, 29 U.S.C. §700 et seq., and the Age Discrimination in Employment Act, as amended, 29 U.S.C. §633a et seq. (ADEA) and discriminated against them on the bases of disability, age, and reprisal when agency management:

1. Announced that it would close the RSA regional offices, abolish the positions of the Plaintiffs, and separate them from federal service pursuant to a noticed reduction-in-force (RIF);

2. Denied that the impending closure of the regional office would result in a transfer of function, thereby depriving the Plaintiffs of important civil service protections under 5 U.S.C. §3503.

These complaints were timely filed with the defendant. Plaintiffs filed their formal consolidated complaints [hereinafter "original complaint"] in two groups, on June 28 and July 20, 2005.[1] They subsequently amended the original complaints on July 20 and August 2, 2005, respectively.

On September 20, 2005, Plaintiffs filed a Complaint in the U.S. District Court for the District of Columbia solely to invoke the equitable jurisdiction of the Court relative to their Application for a temporary restraining order/ preliminary injunction. The Application was denied following a hearing on Motions held September 29, 2005. On October 12, 2005, the Complaint was dismissed without prejudice by an Order entering a Stipulation of Dismissal

---

[1] Pursuant to her rights under the collective bargaining agreement between the agency and the American Federation of Government Employees (AFGE), on July 21, 2005 Ms. Tellier filed an individual grievance relative to the facts at issue in the original complaints. This grievance was denied by the agency on September 13, 2005. AFGE's decision whether to arbitrate Ms. Tellier's grievance is still pending. Ms. Tellier filed an individual complaint with the agency relative to the facts at issue in the new complaints.

"without prejudice to the plaintiffs' future standing to seek resolution of their claims in federal court." FED. R. CIV. P. 41(a)(1)(ii). Because

(A) more than 180 days has passed since the filing of the last accepted amendments to the original claims (filed in late July and early August 2005); and

(B) no Final Agency Decisions (FAD) have issued relative to any of the "mixed" original claims despite the passage of more than 120 days since filing,[2]

the agency properly notified the Plaintiffs on May 15, May 17 and May 30, 2006 that they may take their original complaints directly to federal district court. 29 U.S.C. §§794, 794a; 42 U.S.C. §2000e-16(c); 29 C.F.R. §1614.310(a). Plaintiffs have therefore satisfied the requirement that federal employees exhaust administrative remedies before filing a civil action. See id.

Pursuant to the agency's instructions, Plaintiffs contacted an EEO counselor timely relative to the events arising subsequent to those at issue in the original complaints, and timely filed their formal consolidated complaints on February 7, 2006 [hereinafter "new complaints"]. Because no FAD has yet issued despite the passage of more than 120 days since the filing of the new complaints, Plaintiffs may now take all "mixed case" claims in the new complaints directly to federal district court because Plaintiffs have once again satisfied the requirement to exhaust administrative remedies. 29 C.F.R. §1614.310(a). Those claims in the new complaints which are not "mixed," i.e., which do not involve any allegations which are appealable to the MSPB, are nevertheless inextricably intertwined with the accepted issues in the mixed cases, arise from

---

[2] A "mixed case" complaint is a complaint of employment discrimination filed with a federal agency based on race, color, religion, sex, national origin or handicap related to or stemming from an action that can be appealed to the Merit Systems Protection Board (MSPB). 29 C.F.R. § 1614.302(a). The MSPB has appellate jurisdiction, *inter alia*, over separations, demotions, or furloughs for more than 30 days "when the action was effected because of a reduction in force." 5 U.S.C. §7702; 5 C.F.R. §1201.3(a)(10).

the same nucleus of operative fact, and will be eligible for joinder with the instant complaint effective August 6, 2006, the 180th day after filing of the new complaints. 29 U.S.C. §§794, 794a; 42 U.S.C. §2000e-16(c); 29 C.F.R.§ 1614.201(c).

## CONCLUSION

Because Plaintiffs have exhausted their administrative remedies, they now possess standing to file a civil action in federal district court. The <u>Amended Complaint</u> which they seek leave to file will update the Complaint filed in September 2005 to include all intervening events and causes of action, and provides the procedural and factual predicates for the instant civil action. Based on the foregoing points and authorities, Plaintiffs' <u>Motion for Leave to File Amended Complaint</u> should be GRANTED.

Respectfully submitted,

       /s/ George M. Chuzi
George M. Chuzi, Esq. (D.C. Bar No. 336503)
Heather G. White, Esq. (D.C. Bar No. 497159)
KALIJARVI, CHUZI & NEWMAN, P.C.
1901 L Street, NW
Suite 610
Washington, D.C. 20036
Tel: (202) 331-9260
Fax: (202) 331-9261
Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of July 2005, I caused the foregoing Plaintiff's Motion for Leave to File Amended Complaint and Memorandum in Support of Motion for Leave to File Amended Complaint to be served on Counsel for the Defendant via the Electronic Case Filing System (ECF) or, if this means fails, then by mail, postage prepaid, addressed as follows:

**Oliver W. McDaniel, Esq.**
**Assistant United State Attorney**
**Civil Division**
**555 Fourth Street, NW**
**Washington, D.C. 20530**
*Lead Attorney for the Agency/Attorney to be Noticed per CM/ECF*

    /s/ George M. Chuzi
George M. Chuzi, Esq. (D.C. Bar No. 336503)
KALIJARVI, CHUZI & NEWMAN, P.C.
1901 L Street, NW
Suite 610
Washington, D.C. 20036
Tel: (202) 331-9260